# EXHIBIT 2

CASE NO. 11C12441             JEFFERSON DISTRICT COURT
                                                                               DIVISION ONE (1)

CLARA ARREBATO PEDROSO
1720 Colony Court
Louisville, Kentucky 40216

And

KATHERINE HERNANDEZ ARREBATO, a minor,
By and Through her Parent and Next Friend, Clara Arrebato Pedroso
1720 Colony Court
Louisville, Kentucky 40216                              **PLAINTIFFS**

v.

## AMENDED COMPLAINT FOR DAMAGES WITH JURY DEMAND

STATE FARM MUTUAL AUTOMOBILE
 INSURANCE COMPANY
P.O. Box 20707
Murfreesboro, Tennessee 37129-0088

                         Serve:  Secretary of State
                                      Commonwealth of Kentucky
                                      152 State Capitol
                                      700 Capital Avenue
                                      Frankfort, Kentucky 40601-3493         **DEFENDANT**

      Come the Plaintiffs Clara Arrebato Pedroso and Katherine Hernandez Arrebato, a minor, by and through her Parent and Next Friend Clara Arrebato Pedroso, by counsel, and for their Complaint against Defendant State Farm Insurance Company, states as follows:

      1.     At all times pertinent hereto, Plaintiff Clara Arrebato Pedroso was a resident of Jefferson County, Kentucky residing at 1720 Colony Court, Louisville, KY 40216.

      2.     At all times pertinent hereto, Plaintiff Katherine Hernandez Arrebato, a minor, (DOB: 10-25-97), by and through her Parent and Next Friend, Clara Arrebato Pedroso, was a resident of Jefferson County, Kentucky residing at 1720 Colony Court, Louisville, KY 40216.

3. At all times incident hereto, Defendant State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm") was a corporation incorporated under the laws of Tennessee and doing business in the Commonwealth of Kentucky.

## COUNT I

4. On or about September 11, 2010 in Louisville, Jefferson County, Kentucky, Plaintiff Clara Arrebato Pedroso was operating her vehicle and Plaintiff Katherine Hernandez Arrebato was her passenger, Christine M. Adams did so negligently and carelessly operate her motor vehicle so as to cause a collision to occur with the vehicle being operated by Plaintiff Clara Arrebato Pedroso.

5. As a result of the negligence and carelessness of Christine M. Adams, Plaintiffs Clara Arrebato Pedroso and Katherine Hernandez Arrebato, a minor were caused to sustain personal injuries, both of a temporary and permanent nature.

6. Plaintiffs' claims were settled with Ms. Adams' insurance carrier in September 2011.

## COUNT II

7. Plaintiffs reaffirm and reiterate each and every allegation set forth herein above as if fully set out herein.

8. Defendant State Farm issued policies of insurance to Plaintiff Clara Arrebato Pedroso that were in full force and effect as of September 11, 2010 when said crash occurred.

9. Said Personal Injury Protection Insurance was in the amount of $10,000.00, and Plaintiff Clara Arrebato Pedroso was entitled to PIP benefits up to $10,000.00.

10. In November 22, 2010, Plaintiffs' counsel sent a letter of representation to State Farm Insurance Company on behalf of Plaintiff Clara Arrebato Pedroso.

11. On December 14, 2010, Plaintiff's counsel received correspondence from Melissa Ross, Claims Adjuster for Defendant State Farm enclosing a copy of a Certificate of Coverage for Plaintiff Clara Arrebato Pedroso.

12. On March 28, 2011, Melissa Ross, Claims Adjuster for Defendant State Farm sent a letter requesting copies of the medical bills from Kurt M. Freilinger, D.C. and stated that once received and reviewed they State Farm would "determine if they are billable."

13. On April 19, 2011, Todd Libman, Claims Adjuster for Defendant State Farm sent a letter stating that they are having a utilization review completed and that once the results are completed, a copy will be forwarded to Plaintiff's counsel.

14. On September 10, 2011, Todd Libman, Claims Adjuster for Defendant State Farm sent a letter indicating that based on the utilization review of the claim, State Farm was denying payment of Plaintiff's medical bills.

16. Plaintiff Clara Arrebato Pedroso sustained approximately $4,455.00 in medical bills related to the September 11, 2010 crash.

17. Kentucky law does not permit a no-fault carrier to deny no-fault benefits under the circumstances present in this case.

18. Defendant State Farm owes no-fault benefits that have not been paid and which Plaintiff Clara Arrebato Pedroso is legally entitled to under the laws of Kentucky.

19. That Defendant State Farm's conduct in denying PIP benefits has been without a good faith basis in law, fact or medicine, and as a result of denying PIP benefit coverage to which he is entitled, Plaintiff Clara Arrebato Pedroso has suffered injuries including interest on the amount due and reasonable attorney fees.

## COUNT III

20. Plaintiffs reaffirm and reiterate each and every allegation set forth herein above as if fully set out herein.

21. As of September 10, 2011, Defendant State Farm paid $1,905.00 in no-fault benefits on Plaintiff Clara Arrebato Pedroso's behalf and she has approximately $2,550.00 in unpaid medical charges.

## COUNT IV

22. Plaintiffs reaffirm and reiterate each and every allegation set forth herein above as if fully set out herein.

23. Defendant State Farm issued policies of insurance to Plaintiff Clara Arrebato Pedroso of which would cover Plaintiff Katherine Hernandez Arrebato as a passenger in her vehicle, that were in full force and effect as of September 11, 2011 when said crash occurred.

24. Said Personal Injury Protection Insurance was in the amount of $10,000.00, and Plaintiff Clara Arrebato Pedroso was entitled to PIP benefits up to $10,000.00.

25. In November 22, 2010, Plaintiffs' counsel sent a letter of representation to State Farm Insurance Company on behalf of Plaintiff Katherine Hernandez Arrebato.

26. On December 14, 2010, Plaintiff's counsel received correspondence from Melissa Ross, Claims Adjuster for Defendant State Farm enclosing a copy of a Certificate of Coverage for Plaintiff Clara Arrebato Pedroso.

27. On March 28, 2011, Melissa Ross, Claims Adjuster for Defendant State Farm sent a letter requesting copies of the medical bills from Kurt M. Freilinger, D.C. and stated that once received and reviewed they State Farm would "determine if they are billable."

28. On April 19, 2011, Todd Libman, Claims Adjuster for Defendant State Farm sent a letter stating that they are having a utilization review completed and that once the results are completed, a copy will be forwarded to Plaintiff's counsel.

29. On September 10 2011, Todd Libman, Claims Adjuster for Defendant State Farm sent a letter indicating that based on the utilization review of the claim, State Farm was denying payment of Plaintiff's medical bills.

30. Plaintiff Katherine Hernandez Arrebato sustained approximately $2,440.00 in medical bills related to the September 11, 2011 crash.

31. Kentucky law does not permit a no-fault carrier to deny no-fault benefits under the circumstances present in this case.

32. Defendant State Farm owes no-fault benefits that have not been paid and which Plaintiff Katherine Hernandez Arrebato is legally entitled to under the laws of Kentucky.

33. That Defendant State Farm's conduct in denying PIP benefits has been without a good faith basis in law, fact or medicine, and as a result of denying PIP benefit coverage to which he is entitled, Plaintiff Katherine Hernandez Arrebato has suffered injuries including interest on the amount due and reasonable attorney fees.

## COUNT V

34. Plaintiffs reaffirm and reiterate each and every allegation set forth herein above as if fully set out herein.

35. As of September 10, 2011, Defendant State Farm paid $2,380.00 in no-fault benefits on Plaintiff Katherine Hernandez Arrebato's behalf and she has approximately $60.00 in unpaid medical charges.

5

WHEREFORE, Plaintiffs Clara Arrebato Pedroso and Katherine Hernandez Arrebato, a minor demand as follows:

A.    A trial by jury on all issues of fact herein;

B.    Compensatory damages against the Defendant in an amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C.    Punitive damages for Defendant State Farm's bad faith in handling Plaintiffs' no-fault claims;

D.    For interest and attorney fees;

E.    For any and all other relief to which Plaintiffs may appear entitled.

Respectfully submitted,

Damon B. Willis
EWING, McMILLIN & WILLIS, PLLC
1100 Republic Building
429 West Muhammad Ali Boulevard
Louisville, Kentucky 40202-3467
(502) 585-5800
Fax: (502) 585-5858