UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| D'ELLA IRVIN, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3:19-CV-690-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| STATE FARM MUTUAL ) | **ORDER** |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant's Motion to Dismiss, or Alternatively, for Abstention [R. 7] and Plaintiffs' Motion for Remand and Attorney Fees [R. 10]. Defendant has responded to Plaintiffs' Motion [R. 14] and Plaintiffs filed a brief in reply [R. 17]. Defendants then filed a Sur-Reply [R. 18-1; 24], and Plaintiffs responded to the Sur-Reply. [R. 23] This matter is ripe for review. For the reasons stated herein, Plaintiffs' Motion for Remand and Attorney Fees is denied, and Defendant's Motion to Dismiss is granted in part: Plaintiffs' claims for additional interest and attorneys' fees are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiffs' claim for unpaid PIP benefits is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and remanded to state court because Plaintiffs lack Article III standing for that claim.

**I.   Background**

This matter involves a putative class action lawsuit against State Farm Mutual Automobile Insurance Company ("State Farm") filed by Plaintiffs D'Ella Irvin, Clara Arrebato Pedroso, and Katherine Hernandez Arrebato. [R. 1-2 pp. 1–2] In Kentucky, the Motor Vehicle Reparations Act (MVRA) requires insurance companies to offer Personal Injury Protection (PIP) benefits with all policies they sell. KRS § 304.39-040. PIP benefits are also known as no-fault

benefits, or basic reparations benefits (BRB), and auto insurance companies must provide these benefits for injuries suffered in automobile accidents. *Id.* In exchange, the MVRA requires drivers to purchase automobile insurance, caps these benefits at $10,000, and limits tort liability for drivers. KRS §§ 304.39-020; 3.04.39-090.

Plaintiffs Irvin, Pedroso, and Arrebato are all State Farm policyholders who were denied PIP benefits by State Farm based on a "paper review." [R. 1-2 ¶¶ 11–34] They were each involved in automobile accidents in 2010 and 2015 and were denied PIP benefits for injuries suffered in those accidents. [*Id.*] A "paper review" is where an insurance company denies a policyholder's claim without conducting a medical examination, instead relying on a report prepared by a third-party medical provider (hired by the insurer) to evaluate an insured's claim. In 2018, the Kentucky Supreme Court held that insurance companies could not deny PIP benefits solely based on paper reviews. *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923 (2018). The Plaintiffs seek to bring this action on behalf of themselves and all insureds in Kentucky who were denied no-fault benefits based solely on a "paper review" prepared by a medical provider hired by State Farm from August 31, 2004, to the present. [*Id.* ¶ 2] They seek damages for all unpaid benefits that were denied through paper review (capped statutorily at $10,000 per plaintiff), 18% statutory interest on past-due medical bills, and attorneys' fees. [*Id.* ¶ 83][1]

Plaintiffs filed their class action suit in Jefferson Circuit Court [R. 1-2], and Defendant timely removed the action to this Court. [R. 1] Defendant has since filed a Motion to Dismiss or, Alternatively, for Abstention. [R. 7] First, Defendant claims that the Court should dismiss this

---

[1] Plaintiffs also seek declaratory and injunctive relief determining that State Farm is obligated to pay all potential class members any unpaid PIP benefits it previously denied through paper review, and preventing State Farm from denying PIP benefits based on paper reviews in the future. [R. 1-2 ¶¶ 76–80]

action under Fed. R. Civ. P. 12(b)(1) because Plaintiffs lack standing.  Defendant also argues that Plaintiffs' claims for statutory interest and attorneys' fees should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, Defendant argues that this Court should abstain from hearing Plaintiffs Pedroso and Arrebato's claims because they have parallel pending state actions involving the same issue.  Plaintiffs failed to respond to Defendant's Motion to Dismiss, instead filing a Motion for Remand and Attorney Fees. [R. 10]  Plaintiffs first argue that the Court does not have subject matter jurisdiction to hear this case.  Second, they claim that even if they do not have standing, the proper remedy is remand rather than dismissal.  [R. 10 pp. 2–3; R. 17 pp. 7–9]  Finally, they argue that Defendant's actions have caused delay and unnecessary work on their behalf and that they are entitled to attorneys' fees for improper removal pursuant to 28 U.S.C. § 1447(c).

## II. Discussion

### A. Plaintiffs' Motion to Remand – Jurisdiction Under CAFA and Attorney Fees

Plaintiffs seek remand arguing the Court lacks subject matter jurisdiction. [R. 10]  Under the Class Action Fairness Act of 2005 ("CAFA"), federal courts have jurisdiction over any class action in which (1) any plaintiff is a citizen of a different state from any defendant (minimal diversity); (2) the proposed plaintiff class contains at least 100 members in the aggregate; and (3) the amount in controversy exceeds five million dollars. 28 U.S.C. § 1332(d)(2); *id.* § 1332(d)(5)(B).  Defendant bears the burden of establishing these jurisdictional requirements since it is the party seeking federal jurisdiction through removal. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404–05 (6th Cir. 2007) (internal quotations omitted).  Plaintiffs do not dispute the first two requirements, which are easily met. [R. 10 p. 5]; *see* [R. 1-2 ¶¶ 3–6 (establishing minimal diversity); *id.* ¶¶ [59–60] (establishing numerosity)].  Plaintiffs do

challenge the amount in controversy and argue that Defendant failed to demonstrate the aggregate claims amount to greater than $5 million. [R. 10 p. 5]

A defendant seeking to remove a case to federal court must include a "short and plain statement of the grounds for removal," the same as required for a Rule 8(a) pleading. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* When a plaintiff challenges the claimed amount in controversy, the Court must find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 87–88; 28 U.S.C. §1446(c)(2)(B).

In its removal notice, State Farm indicated that its internal records show that from 2009–2014 alone (only one-third of the class period), State Farm denied more than five million dollars' worth of PIP benefits using paper review. [R. 1 ¶ 27] Plaintiffs improperly criticize State Farm for not initially providing evidence to show that the amount in controversy exceeds five million dollars. [R. 10 pp. 7–8] But of course that is not what is required in a notice of removal. *See Dart Cherokee*, 574 U.S. at 89. ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). However, since Plaintiffs have now contested Defendant's allegation, the Court must find by a preponderance of the evidence that the amount in controversy requirement is satisfied after reviewing proof submitted by both sides. *Id.* at 88. (citing 28 U.S.C. § 1446(c)(2)(B)). In response, Defendant submitted the Declaration of Donald Vinciguerra, a

State Farm Business Analyst with knowledge of State Farm's claim system. [R. 14-1] According to Vinciguerra, State Farm denied approximately 1,600 individuals at least some amount of PIP benefits through paper review and failed to provide subsequent remedial payment. [*Id.* ¶ 5] The total amount of these claims is $6.3 million. [*Id.* ¶ 6]

This $6.3 million in unpaid PIP benefits alone would satisfy CAFA's $5 million requirement. However, Plaintiffs also seek 18% statutory interest for unpaid claims and attorneys' fees, both of which are included in the amount in controversy. *See Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007) (quoting *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975)) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met."). These additional costs further solidify that the amount in controversy easily exceeds the $5 million required by CAFA. Plaintiffs submit no evidence to controvert Vinciguerra's sworn Declaration.[2] Therefore, the Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $5 million, and jurisdiction is proper. *See* 28 U.S.C. § 1446(c)(2)(B).

Accordingly, Plaintiffs' request for attorney fees under 28 U.S.C.§ 1447(c) is without merit. The Supreme Court has provided that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). State Farm clearly had a reasonable basis for removal: jurisdiction was proper under CAFA. The fact that State Farm, post-remand, filed a Motion to Dismiss for lack of standing does not change

---

[2] Plaintiffs argue that the $6.3 million is not in controversy because Defendant already made payments to satisfy those claims. [R. 17 p. 2] However, Defendants clarified that the $6.3 million represents *unpaid* claims. [R. 24 pp. 1–2]

this. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 333 n.3 (2006) (finding that after removal it was the plaintiffs' burden to establish standing under Article III regardless of whether the plaintiffs did not believe jurisdiction was proper for removal purposes). Consequently, Plaintiffs' Motion for Remand and Attorney Fees is denied.

**B.     Standing**

Defendant first argues that Plaintiffs lack standing to pursue their claims because Defendant has already reimbursed all unpaid PIP benefits due Plaintiffs plus 12% statutory interest. [R. 7-1 pp. 13–15] Therefore, Defendant argues Plaintiffs have suffered no injury that can be redressed by this Court, and their claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 410–11 (6th Cir. 2013). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Plaintiff bears the burden of proving jurisdiction in order to survive the motion. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017), *cert. denied sub nom. Wayside Church v. Van Buren Cty., Mich.*, 138 S. Ct. 380 (2017) (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). A challenge under Rule 12(b)(1) is either a "facial attack," where the Court must take all of the allegations in the Complaint as true, or a "factual attack," where the Court can "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013) (internal citations omitted). In its Motion to Dismiss, the Defendant attacked the factual background that gives rise to the Plaintiffs' Complaint. *See* [R. 7 pp. 3 n.3, 6] Thus, the Court will treat this as a factual attack. When ruling on a factual attack, "no presumptive truthfulness applies to the allegations," and the Court "must weigh the conflicting evidence to arrive at the factual predicate that subject-matter

[jurisdiction] does or does not exist." *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

Federal courts may only hear "Cases" and "Controversies." U.S. Const. art. III § 2. This "case-or-controversy" requirement mandates that plaintiffs establish that they have standing to sue. *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 408 (2013). To establish standing, the plaintiff must establish (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that will likely be redressed by a favorable judicial decision. *Spokeo Inc., v. Robbins*, 136 S. Ct. 1540, 1547 (2016). Plaintiffs bear the burden of establishing these elements. *Id.* Standing is not established "in gross," but rather a plaintiff must demonstrate standing "for each claim he or she seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (internal quotations omitted).

After the Kentucky Supreme Court's decision in *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923 (2018), Defendant began making payments to compensate policy holders for PIP benefits it previously denied based on a paper review of the policy holders' medical records. [R. 7-1 pp. 3–4] Defendant included 12% interest for the late payments as required by statute. [*Id.* pp. 8–9] Per this remediation effort, Defendant claims it has already paid Plaintiffs Irvin, Pedroso, and Arrebato. [*Id.* pp. 3–4, 7–9] Thus, Defendant argues Plaintiffs have no standing because they have no redressable injury. [*Id.*]

As an initial matter, the Court notes that Plaintiffs wholly failed to respond to Defendant's Motion to Dismiss based on lack of standing. "The Sixth Circuit has [] held that when a party fails to respond to a motion or argument therein, the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion." *Hill v. Jones*, No. 5:18-CV-511, 2019 WL 4455982, at *3 (E.D. Ky. Sept. 17, 2019) (collecting cases).

Indeed, they only addressed Defendant's standing argument belatedly in their Response to Defendant's Sur-reply to Plaintiffs' Motion to Remand and for Attorney Fees [R. 23]. The Court need not address arguments raised for the first time in a reply (or in this case a Response to a Sur-Reply) and on this basis alone, the Court may grant Defendant's Motion to Dismiss for lack of standing. But even on the merits, as addressed below, Plaintiffs lack standing on their PIP benefits claim and their claim for 18% statutory interest and attorney fees fails as a matter of law.

### i. Plaintiffs' Unpaid PIP Benefits

Plaintiffs first seek payment for unpaid PIP benefits that State Farm denied based on a paper review. [R. 1-2 ¶ 82, 83]; *see also* [*id.* ¶¶ 14–16 (Irvin); ¶¶ 21–25 (Pedroso); ¶¶ 30–34 (Arrebato)] Specifically, they seek damages for these unpaid PIP benefits. [*Id.* ¶ 83]

With respect to Plaintiff Irvin, State Farm initially paid only a portion of her medical expenses. [*Id.* ¶ 14] However, since the Kentucky Supreme Court decision in *Sanders*, State Farm made additional payments to Irvin—up to the maximum allowed under her policy ($10,000) plus statutory interest of 12%. [R. 7-4 pp. 2–3 ¶¶ 3–6; *id.* pp. 4–8] Plaintiffs do not contest this. Since State Farm has fully compensated Irvin for all of her past unpaid PIP benefits, she can show neither an injury in fact nor how a favorable judgment from this Court would redress that injury with respect to damages for unpaid PIP benefits. *See A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1212–13 (11th Cir. 2019) ("When an insurance company has paid all benefits in full there is no case or controversy.") (internal quotations omitted); *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 411 n.1 (6th Cir. 2013) (noting that a plaintiff who had been reimbursed could not establish redressability). Therefore, Irvin lacks standing for this claim.

With respect to Plaintiffs Pedroso and Arrebato, State Farm likewise only partially paid their claims for PIP benefits initially. [R. 1-2 ¶ 21 (Pedroso); ¶ 30 (Arrebato)] As it did with Irvin, however, State Farm issued additional checks to Pedroso and Arrebato after the *Sanders* decision for their unpaid claims plus 12% interest. [R. 7-5 pp. 2–7] Yet Pedroso and Arrebato have not yet negotiated these checks. [R. 23-1 ¶ 13] Plaintiffs Pedroso and Arrebato now belatedly claim, in their Response to State Farm's Sur-Reply to Plaintiffs' Motion for Remand and Attorney Fees, that the checks do not remedy their injury because they do not comply with the MVRA. Plaintiffs, citing *Medlin v. Progressive Direct Ins. Co.*, 419 S.W.3d 60 (Ky. App. 2013), claim that the MVRA <u>only</u> allows an insurer to make PIP benefit payments in the following ways: (1) pay the medical provider directly; (2) pay an insured who has personally paid the medical bill and is seeking reimbursement; or (3) issue a check made out to both the insured <u>and</u> the medical provider. [R. 23 p. 2]

Even if Pedroso and Arrebato, for whatever reason, rejected the checks made out to them directly (and thus the checks do not conform with the enumerated methods of payment in the MVRA), this does not confer standing by itself. First, Plaintiffs do not explain how State Farm's checks (made out to them directly) are insufficient to remedy the prior denial of their PIP benefits. Plaintiffs complain that State Farm should have paid their medical providers directly or made the checks payable to Plaintiffs and their provider instead of just to Plaintiffs. [R. 23 p. 2] This is simply not a redressable injury for Article III purposes.[3] *See Spokeo, Inc. v. Robins*, 136

---

[3] The fact that Plaintiffs have not negotiated the checks does not change this. After all, it is unclear how a favorable judgment from the Court would redress this supposed injury. It is possible that the Court could issue an injunction directing State Farm to re-issue checks in the name of Pedroso and Arrebato <u>and</u> their medical providers (though Plaintiffs never sought this relief and thus waived it), but Plaintiffs could just as easily accomplish this by simply endorsing the check to their insurers themselves. Regardless, Plaintiffs never sought this remedy—that is, an injunction to re-issue the checks payable jointly to them and their medical providers—and they cannot add additional relief sought in a response to Defendant's sur-reply. *Ryan v. Hazel Park*, 279 F. App'x 335, 339 (6th Cir. 2008) ("Generally, this Court has found that an issue raised for the first time in a reply to a response brief in the

S. Ct. 1540, 1543 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation."); *Wall v. Michigan Rental*, 852 F.3d 492 (6th Cir. 2017) (a violation of state statutory law is insufficient to confer standing absent a concrete injury—in that case a monetary harm); *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1212–13 (11th Cir. 2019); *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 411 n.1 (6th Cir. 2013). Second, Plaintiffs' damages claims relate only to the unpaid PIP benefits—not that Defendants repay their medical providers directly. [R. 1-2 ¶¶ 1, 83] A favorable judgment from this Court would simply award damages payable to Plaintiffs, and State Farm has already given them a check for the previously-denied PIP benefits plus 12% interest. As Pedroso and Arrebato cannot show redressability with respect to their claim for damages for unpaid PIP benefits, they too lack standing for this claim.[4] *See A&M Gerber*, 925 F.3d at 1212–13; *Global Medical Billing, Inc.*, 520 F. App'x at 411 n.1.

### ii.     Statutory interest and Attorneys' Fees

The MVRA provides that overdue PIP payments bear interest at a rate of 12%, but if the delay was without a "reasonable foundation" the rate is 18%. KRS § 304.39-210(2). It also allows courts to award reasonable attorneys' fees for the same reason. KRS § 304.39-220(1).[5]

---

district court is waived . . . .") (internal quotation marks and citation omitted); *United States v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989).

[4] Plaintiffs do not argue that their claims for declaratory or injunctive relief give them standing and have therefore waived any argument on the issue. However, even on the merits these claims do not confer standing. To establish standing for declaratory or injunctive relief a plaintiff must show a "real and immediate threat" of future harm, or a "significant possibility of future harm." *Kanuszewski v. Michigan Dept. of Health and Human Servs.*, 927 F.3d 396, 406 (6th Cir. 2019); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (plaintiffs do not have standing for injunctive relief "absent a sufficient likelihood that [they] will be again wronged in a similar way"). Even in their Response to Defendant's Sur-reply Plaintiffs fail to argue that they will suffer any such injury in the future. Given that Plaintiffs have failed to demonstrate *any* likely future injury, their claims for declaratory and injunctive relief do not provide them Article III standing.

[5] KRS § 304.39-220(1) reads:
> If overdue benefits are recovered in an action against the reparation obligor or paid by the reparation obligor after receipt of notice of the attorney's representation, a reasonable attorney's fee for advising and representing a claimant on a claim or in an action for basic or added

Plaintiffs seek 18% interest (instead of the 12% State Farm paid with their PIP benefits) because they claim State Farm did not have a reasonable basis for denying their claims and also seek attorneys' fees for enforcing the payment of their PIP benefits. [R. 1-2 ¶¶ 16, 23, 32, 46–47, 83]

Initially, Defendant disputes that Plaintiffs could pursue a claim for the difference between the 12% interest they paid and the 18% interest Plaintiffs seek. *See* [R. 7-1 pp. 8–9] Defendant also argues that Plaintiffs' request for attorneys' fees does not "confer standing." [*Id.* p. 9] While Defendant is correct that these claims do not confer standing with respect to Plaintiffs' claims for unpaid (but since paid) PIP benefits, it does not explain why this prevents Plaintiffs from suing to recover the additional interest or attorneys' fees. In fact, State Farm included a letter with the checks it sent Plaintiffs Pedroso and Arrebato which conceded Plaintiffs could sue for the additional interest. [R. 23-1 p. 3] The letter, in relevant part, reads as follows:

> As we discussed, enclosed please find two checks representing payment of the outstanding medical expenses plus twelve percent (12%) interest in the above styled matter [Plaintiffs' prior state court action to recover unpaid PIP benefits].
>
> The payment of these checks will not represent a settlement in this matter unless you desire to terminate this litigation. Instead, the checks represent payment pursuant to the Kentucky Supreme Court Decision of *Houchens v. Geico*. **The remaining issues involving attorney fees and additional interest would be reserved for resolution by the Court or jury**. The only issue that would be considered resolved would be the claim for medical expenses plus twelve percent interest.

[R. 7-5 p. 2; 23-3 p. 3 (emphasis added)] Clearly, Plaintiffs have standing to bring a claim for the additional interest and attorneys' fees. They have alleged a concrete injury—the denial of

---

reparation benefits may be awarded by the court if the denial or delay was without reasonable foundation. No part of the fee for representing the claimant in connection with these benefits is a charge against benefits otherwise due the claimant.

- 11 -

statutorily authorized 18% interest and attorney fees. This injury is fairly traceable to State Farm's actions and a favorable judgment from this Court would remedy the injury.

Having established that Plaintiffs have standing to pursue their claims for 18% statutory interest and attorney fees, the Court now turns to the merits of Defendant's Motion to Dismiss these claims under Fed. R. Civ. P. 12(b)(6).

### C. Statutory Interest and Attorney Fees

Defendant next argues that Plaintiffs' claims for 18% statutory interest and attorneys' fees fail as a matter of law. [R. 7-1 p. 11] Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action if the Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. *Total Benefits Plan. Agency Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The MVRA provides that "[o]verdue payments bear interest at the rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum." KRS § 304.39-210(2). The MVRA also permits the Court to award attorneys' fees for denials or delays caused without a reasonable foundation. KRS § 304.39-220(1). The assertion of a legitimate bona fide defense by an insurer constitutes a "reasonable foundation" for delaying payments under the MVRA, even if the case is ultimately decided against the insurer. *Auto. Club Ins. Co. v. Lainhart*, 609 S.W.2d 692, 695 (Ky. Ct. App. 1980). What constitutes a reasonable foundation under the MVRA when there is a disputed legal issue is not entirely clear. Kentucky courts have found, for example, that an insurer lacked a

reasonable foundation for denying a claim when it ignores Kentucky Supreme Court caselaw directly contradicting the insurer's argument. *Kentucky Farm Bureau Mut. Ins. Co. v. McQueen*, 700 S.W.2d 73, 74 (Ky. Ct. App. 1985). But that is not the case here, as *Sanders* was decided after Defendant denied the claims.

Kentucky tort law provides additional guidance on what constitutes a "reasonable foundation" when there is a disputed legal issue. In other instances, an insured may bring a common law tort claim for "bad faith" if an insurer denies a claim without a reasonable basis. *See Cowan v. Paul Revere Life Ins. Co.*, 30 F. App'x 384, 387 (6th Cir. 2002) (citing *Wittmer v. Jones*, 864 S.W.2d 885, 886 (Ky. 1993)). Whether an insurer has a reasonable basis for denying a claim turns on whether the status of the law governing the question is "fairly debatable." *Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Serv.*, 880 S.W.2d 886, 890 (Ky. Ct. App. 1994). Additionally, "where there is a legitimate first-impression coverage question for purposes of Kentucky law and recognized authorities support the insurer's position in denying coverage, the insured's claim is fairly debatable as a matter of law and will not support a claim of bad faith." *Id.* at 891.; *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 650 (6th Cir. 2013) (under Kentucky law, for issues of first impression, claims are fairly debatable "even if in hindsight it was fairly predictable that the dispute would be resolved against the insurer").

In this case, State Farm initially denied benefits through utilizing a paper review—a method which, in 2018, the Kentucky Supreme Court held was prohibited by the MVRA. *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923 (2018). However, at the time State Farm initially denied portions of Plaintiffs' PIP benefits, neither the Kentucky Court of Appeals nor the Kentucky Supreme Court had addressed whether paper review denials

were allowable under the MVRA. State Farm has identified two instances where courts held that a paper review was a legitimate bona fide defense for denying benefits. *See Risner v. State Farm Mut. Auto. Ins. Co.*, No. 14-41-HRW, 2015 WL 3857092, at *4–5 (E.D. Ky. June 22, 2015); *Cope v. Gov't Emps. Ins. Co.*, No. 12-CI-2847 (Ky. Cir. Ct. July 9, 2014).[6] State Farm also notes that numerous Kentucky Court of Appeals and Kentucky Supreme Court cases involved insurers utilizing paper reviews with no indication that the practice violated the MVRA, albeit those cases did not present the specific issue as to practice's legality. [R. 7-1 p. 13]

Plaintiffs argue that the Kentucky Court of Appeals rejected the *Risner* court's conclusion in the *Sanders* decision. *Houchens v. Gov't Emps. Ins. Co.*, No. 2014-CA-002017-MR, 2016 WL 4709168 (Ky. Ct. App. 2016) (aff'd on other grounds by *Sanders*, 569 S.W.3d at 931). However, the fact that the Kentucky Court of Appeals (and the Kentucky Supreme Court) ultimately found paper reviews unlawful does not make State Farm's reliance on prior cases endorsing the practice unreasonable at the time. *See Automobile Club Ins. Co. v. Lainhart*, 609 S.W.2d 692, 695 (Ct. App. Ky. 1980) (holding that "the assertion of a legitimate and bona fide defense by the reparation obligor constitutes reasonable foundation for delay under KRS 304.39-210 and KRS 304.39-220, and this is not changed by the fact that the case is ultimately decided against the obligor"). Given that no appellate court had addressed the issue, and multiple trial-level courts had found that denials based on paper reviews were lawful, the issue can at least be described as "fairly debatable." *Empire Fire*, 880 S.W.2d at 890. Holding otherwise would require State Farm to ignore *Risner* and *Cope* and accurately predict that the Kentucky Court of Appeals or Kentucky Supreme Court would later reject their reasoning.

---

[6] Defendant attaches the *Cope* decision at [R. 7-11]

Finally, Plaintiffs note that after the Kentucky Supreme Court's decision in *Sanders*, the Jefferson Circuit Court on remand in that case found that paper reviews did not provide the insurer a reasonable foundation for denying claims (despite initially holding that paper reviews were an *acceptable* basis for denying them). [R. 23-3] The Jefferson Circuit Court conceded cases existed supporting State Farm's current position, but it found, without citation, that the "trendline of the relevant case law provided less and less support over time[.]" [R. 23-3 p. 6] Plaintiffs likewise fail to provide this case law, and the Court is unable to find any case law prior to *Sanders* holding that Kentucky's MVRA prohibited denials based on paper reviews.

Finally, the Kentucky Supreme Court's reasoning in *Sanders* supports finding that State Farm had a reasonable foundation for its paper review practice. Prior to the *Sanders* decision, courts looked to KRS § 304.39-270 when evaluating paper reviews. KRS § 304.39-270(1) states that an insurer *may* petition a court for an independent medical review of an insured's medical condition. Courts such as the *Risner* court (and even the trial court in *Sanders*) relied on this permissive language to hold that denying benefits based on paper reviews was allowable. *See Risner v. State Farm Mut. Auto. Ins. Co.*, No. 14-41-HRW, 2015 WL 3857092, at *4–5 (E.D. Ky. June 22, 2015); *Houchens v. Gov't Emps. Ins. Co.*, No. 2014-CA-002017-MR, 2016 WL 4709168 at *3 (Ky. Ct. App. 2016) ("The trial court below agreed with GEICO that the phrase "may petition the court" means that a reparations obligor may, but is not required, to seek a court order for an independent medical exam[.]"). The parties centered their arguments to the Kentucky Supreme Court around this section of the MVRA. *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923, 924–25 (2018). The Kentucky Supreme Court instead relied on a presumption that medical bills are reasonable (and thus an insurer can only deny PIP benefits by bringing an action in court) created in the definition section of the MVRA. *Id.* at 928

(citing KRS § 304.39-020(5)). The *Sanders* Court held that section 3.04.39-270 was only a discovery device that did not answer the question posed, writing that the trial court, the parties' arguments, and by implication the *Risner* court, had been "barking up the wrong tree." *Id.* at 924, 931. Finding that State Farm did not have a reasonable foundation for denying claims based on paper reviews would be to ignore the fact that the parties to the *Sanders* case, the trial court in *Sanders*, and previous courts had all been barking up the same wrong tree. It would also require State Farm to ignore decisions that supported the practice and instead predict, without much guidance, how future courts would interpret the MVRA. Sections 304.39-210(2) and 304.39-220(1) of the MVRA do not require this; they only require a reasonable foundation to deny claims, which State Farm had in this case. Defendant's Motion to Dismiss is granted with respect to claims for statutory 18% interest and attorney fees.

        **D.**        **Dismissal or Remand**

Since Plaintiffs' claims for additional interest and attorneys' fees are dismissed, one last question remains: whether to dismiss Plaintiffs' claim for unpaid PIP benefits without prejudice or remand it to state court. Ordinarily, when a court finds that a plaintiff lacks standing, the court dismisses the claim without prejudice. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018). However, where a defendant removes the case to federal court on a federal question, but the plaintiff lacks Article III standing (and thus the court lacks jurisdiction), the court must remand the case back to state court. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 496–97 (6th Cir. 1999). 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded." 28 U.S.C. § 1447(c) (emphasis added). The Court has dismissed Plaintiffs' claims for additional interest and attorneys' fees, so the case consists only of

Plaintiffs' claims for unpaid PIP benefits. As Plaintiffs lack Article III standing for that claim, it shall be remanded to state court. *See, e.g., Baccay v. Heartland Payment Sys.*, No. 17-07779, 2019 WL 337585, at *9 (D.N.J. Jan 28, 2019).

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss or, Alternatively, for Abstention **[R. 7]** is **GRANTED in part:** Plaintiffs' claims for additional interest and attorneys' fees are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiffs' claim for unpaid PIP benefits is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and remanded to state court because Plaintiffs lack Article III standing for that claim.

2. Plaintiffs' claim for unpaid PIP benefits is **REMANDED** to Jefferson Circuit Court.

3. Plaintiffs' Motion for Remand and Attorney Fees **[R. 10]** is **DENIED**.

This the 15th day of July, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of record